IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE NORMAN MATHIS,

    Plaintiff,

vs.                                                        CASE NO. 5:08cv254/RS-AK

BOB BARKER COMPANY INC, et al,

    Defendants.
_____/

## O R D E R

Before me is the Second Amended Complaint (Doc. 40). The pleading has been reviewed pursuant to 28 U.S.C. §1915A, and the Court finds that Plaintiff has failed to state a claim for relief and a third amended complaint must be filed.

Plaintiff alleges that he was denied medical care by Defendants Bryson and Poythress when he presented to them with a swollen face. He has failed to show what injury resulted from their alleged denial, he seems to complain only that he never discovered what was wrong with him. Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Despite the wording of § 1997e(e), that "[n]o Federal civil *action* may be *brought*," this circuit has established that the statute limits relief, not causes of action. If there is no physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered, but declaratory and injunctive relief may be available. Harris v. Garner, 216 F.3d 970 (11th Cir. 2000), *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558,

263 F.3d 169 (11th Cir. 2001) (Table). 215 F.3d at 1230. Nominal damages may still be recovered even though there are no compensable damages. Slicker v. Jackson, 215 F.3d at 1231, *citing* Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. at 1054.

From a review of the grievances attached to the complaint, it appears that he may not have received medication, as prescribed, but the condition resolved on its own even without the antibiotic. Therefore, Plaintiff should file a new complaint and explain what injury resulted from the alleged denial of medical care or considering dismissing these claims.

Plaintiff has not asserted any specific claims against Defendant Bob Barker Company.

Plaintiff has not provided sufficient facts against the remaining defendants to support his claims of illegal search and a retaliatory disciplinary action for fraud. These claims appear wholly unrelated to the denial of medical care and should be brought in a separate lawsuit. Plaintiffs allegations that he was falsely imprisoned on the disciplinary actions because he filed medical grievances are unsupported by any facts whatsoever, and more than conclusory allegations must be made before the Court will find these causes of action to be related. To state a retaliation claim, a plaintiff must establish three elements: (1) that his act was constitutionally protected; (2) that the defendants' retaliatory conduct adversely affected the protected act; and (3) that there is a causal connection between the retaliatory actions and the adverse affect. Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). Plaintiff has offered nothing to show that the body cavity search ordered by Warden Reddish and carried out by Colonel White was in retaliation for any act, protected or otherwise, and that the disciplinary report he received relating to an alleged scheme to defraud was either retaliatory or in any way connected to the medical issues.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Third Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiffs allegations and should not in any way refer to the original or

amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the third amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

**IT IS ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this Order not later than **August 13, 2010**.

3. Failure of Plaintiff to respond to this Order may result in the dismissal of this lawsuit.

**ORDERED** on July 22, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**