IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE NORMAN MATHIS,

     Plaintiff,

v.                                CASE NO. 5:08-cv-254-RS-GRJ

BOB BARKER COMPANY INC., et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court upon the filing of Plaintiff's Third Amended Complaint.  (Doc. 58.)  Plaintiff filed his Third Amended Complaint on the civil rights complaint form for use by prisoners under 42 U.S.C. § 1983 against Defendants Bob Barker Company, Nurse Bryson and Nurse Greg Poythress.  The Court has reviewed the Third Amended complaint pursuant to 28 U.S.C. § 1915A and concludes that it is due to be **DISMISSED** for failure to state a claim, pursuant to the fugitive disentitlement doctrine and for failure to disclose prior lawsuits.

### I.  Introduction

Plaintiff alleges in the Third Amended Complaint that on April 28, 2008 he was sent to the medical department at Graceville Work Camp by his work supervisor for a medical examination because his face was extremely swollen and his eyes were red. (Doc. 58.)  Plaintiff was examined by Defendant Bryson, a nurse at the work camp, who ignored Plaintiff's request for medical care because she did not see any blood. Instead, Nurse Bryson told Plaintiff to sign up for sick call.  Plaintiff alleges that the troubles with his face and eyes continued and that he was again placed on sick callout on May 2,

2008.  On May 2, 2008 when Plaintiff was again evaluated by Defendant Bryson, he did

not  receive any medical treatment.  According to Plaintiff, the same thing happened

again on May 7, 2008. This time he was examined at sick call by Defendant Poythress,

another nurse at the work camp. Plaintiff did not receive any medical treatment.

Plaintiff complains that Defendants Bryson and Poythress ignored the problem, denied

Plaintiff medical care and failed to perform tests to determine the cause of his swollen

face and the redness in his eyes.

        As another example of medical treatment Plaintiff contends he did not receive,

Plaintiff alleges that he was prescribed medication by Defendant Poythress that he

never received. Consequently, on June 22, 2008 Plaintiff filed a request for the

medication.  Although it is unclear from the Complaint apparently Plaintiff never

received the medication.

        Plaintiff also complains that on July 2, 2008 he was examined by Defendant

Poythress, who determined that there was no medical issue with Plaintiff's face and

thus no need for any medication or treatment. Plaintiff alleges that despite submitting

sick callout requests on August 4, 2008 and August 8, 2008 he did not receive medical

treatment on either occasion.

        Plaintiff contends that when he was in custody at other institutions  he was

treated for and received medication for the same medical issues.  For example, on

March 26, 2009 Expedito Salvador, a doctor at Franklin Correctional Institute, examined

Plaintiff, changed Plaintiff's medications and treated Plaintiff's swollen face and red

eyes.   Further, on June 24, 2009 Plaintiff was examined by Celeste MacDonald, a

nurse at the Bay City Work Camp, who took a sample of the pus from Plaintiff's face

and sent it to the lab for testing. Plaintiff also was prescribed an antibiotic and medication at that time.

## II.  Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction.

Case 5:08-cv-00254-RS-GRJ   Document 64   Filed 05/04/11   Page 4 of 12

Page 4 of 12

*Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license .

. . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an

action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th

Cir.1998) (*overruled on other grounds* by *Iqbal).*

### III.  Discussion

Plaintiff's Third Amended Complaint is due to be dismissed for three

independent reasons. First, Plaintiff has failed to state a claim for relief for deliberate

indifference. Second, Plaintiff's Third Amended Complaint is due to be dismissed under

the fugitive disentitlement doctrine. Lastly, Plaintiff's Third Amended Complaint is due to

be dismissed for failing to disclose multiple prior lawsuits.  The Court will discuss each

issue in turn.

### A.    Deliberate Indifference Claims

The gravamen of Plaintiff's claims in the Third Amended Complaint are that

Defendants Nurse Bryson and Nurse Greg Poythress were deliberately indifferent to his

serious medical needs through their failure to allow him to be seen by a "true Doctor."

(Doc. 58 p. 7.)  Plaintiff also seeks to hold Bob Barker Company –  which presumably is

Defendants Bryson and Poythress's employer –  responsible for the wrongful actions of

Bryson and Poythress. Additionally, Plaintiff seeks to advance a claim against Bob

Barker Company contending that it violated an undefined  contractual agreement for

medical care between Bob Barker and him.

Plaintiff's claim for deliberate indifference to a serious medical need under the

Eight Amendment alleges nothing more than a disagreement with the diagnosis and

course of treatment by the Defendants. In order to state a claim for deliberate

indifference Plaintiff must demonstrate both a serious medical need and knowing and willful refusal to provide medical treatment. Medical negligence is simply not sufficient to allege an Eight Amendment violation.

To establish an Eighth Amendment violation stemming from the deprivation of medical attention, the prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Thus, a prisoner must demonstrate (1) "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]" *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Generally, where, as here, an inmate receives medical diagnosis and care, but desires a different diagnosis or treatment, he cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107));

*Waldrop v. Evans*, 871 F.2d 1030, 1033 (11ᵗʰ Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment.  Along with all other aspects of health care, this remains a question of sound professional judgment.'")(quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4ᵗʰ Cir. 1977)); Chance *v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ( "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim.  So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.").

In the instant case, Plaintiff has failed to demonstrate any of the elements of a claim for deliberate indifference. First, Plaintiff has not alleged facts suggesting  that he had an objectively serious medical need.  Plaintiff's Third Amended Complaint, read broadly, alleges that he was examined multiple times by Defendants and despite the fact that he complained of swelling in his face and redness in his eyes he did not receive medical treatment or medication.  Further, although Plaintiff alleges Nurse Celeste MacDonald, who examined Plaintiff at Bay City Work Camp, took a sample of pus from Plaintiff's face for testing, Plaintiff does not allege  that the test results disclosed that Plaintiff suffered from any serious medical need.

The Court need not, however, determine whether Plaintiff has sufficiently alleged that he had an objectively serious medical need, because even if he did,  Plaintiff has failed to allege conduct by the Defendants which rises to the level of deliberate

indifference.  Read broadly, the crux of Plaintiff's claim is that Defendants Bryson and

Poythress failed  properly to diagnose Plaintiff and failed to provide the course of

medical treatment that Plaintiff considered appropriate for his swollen face and red eye.

The decision as to the type of treatment provided to a prisoner is a "classic example of

a matter for medical judgment," that does not provide a basis for Eighth Amendment

liability.  *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976)("A medical decision not to

order an x-ray, or like measures, does not represent cruel and unusual punishment.").

Accordingly, because Plaintiff has failed to demonstrate any conduct by Defendants

Bryson and Poythress that suggests they knowingly and wantonly failed to treat him,

Plaintiff has failed to state a claim for deliberate indifference.

### B.      Fugitive Disentitlement

Plaintiff's Third Amended Complaint should also be dismissed pursuant to the

fugitive disentitlement doctrine because Plaintiff escaped from Santa Fe Work Camp

while this action was still pending.

> The fugitive disentitlement doctrine limits access to courts by a fugitive
> who has fled a criminal conviction in a court in the United States.
> Although traditionally applied by the courts of appeal to dismiss the
> appeals of fugitives, the district courts may sanction or enter judgment
> against parties on the basis of their fugitive status.  The rationales for this
> doctrine include the difficulty of enforcement against one not willing to
> subject himself to the court's authority; the inequity of allowing a fugitive to
> use court resources only if the outcome is an aid to him; and the need to
> avoid prejudice to the nonfugitive party.  In accordance with these
> rationales, the dismissal of a civil action on fugitive disentitlement grounds
> requires that (1) the plaintiff is a fugitive; (2) his fugitive status has a
> connection to his civil action; and (3) the sanction employed by the district
> court, dismissal, is necessary to effectuate the concerns underlying the
> fugitive disentitlement doctrine.

*Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998)(*per curiam*)(citations omitted).

In addition to being used to dismiss petitions for writs of habeas corpus, the fugitive disentitlement doctrine has been used as a ground for dismissal of prisoner civil rights actions under 42 U.S.C. § 1983.  *See*, *e.g.*, *Clark v. James*, 794 F.2d 595, 597-98 (11th Cir. 1986)("The circumstances which surround the failure to prosecute this civil action are somewhat akin to the inmate who escapes while his appeal is pending.  Such conduct is held to constitute an abandonment of the appeal.").

 In this case, Plaintiff voluntarily left the Santa Fe Work Camp, thus jeopardizing the normal progression of this lawsuit. The Court was unaware of how to contact Plaintiff until he filed a notice of a change of address with the Court. The change of address was filed, however, only after the Court's order already had been returned as undeliverable.  (Doc. 61.)

This is not the first time Plaintiff has had a case dismissed under the fugitive disentitlement doctrine. One of the numerous cases Plaintiff filed in the U.S. District Court for the Middle District of Florida was dismissed without prejudice in September 2010 because of Plaintiff's fugitive status.[1]

Accordingly, because of the delays in this case caused by Plaintiff's escape, the Court concludes that  Plaintiff's Third Amended Complaint is due to be dismissed pursuant to the fugitive disentitlement doctrine. To hold otherwise would allow prisoners to utilize the Court's scarce resources only when the result may aid the prisoner and would severely prejudice the ability of prison officials to defend cases, like this one, where the prisoner was not available to respond due to his fugitive status.

---

[1] That case was a writ of habeas corpus. <u>Mathis v. Lane</u>, No. 3:10-cv-663-HWM-JBT (M.D. Fla. Sept. 29, 2010). However, in both this case and the habeas case in the Middle District Plaintiff's voluntary escape contributed to further delays in the prosecution of each lawsuit.

### C.    Plaintiff's Failure To Disclose Multiple Previously Filed Civil Rights Lawsuits Requires Dismissal

A third reason justifying the dismissal of Plaintiff's Third Amended Complaint is that Plaintiff failed to disclose, as required by the Court's form complaint, that previously he had filed a number of lawsuits  in this district and in the Middle District of Florida.

Specifically, section IV.C of the civil rights complaint form requires prisoners to list other actions filed by the prisoner "in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)."  (*Id*. at 4.)  Despite the fact that the complaint form is signed under penalty of perjury Plaintiff did not identify any previous lawsuits or cases in Section IV.C.

As of August 6, 2010 – the date Plaintiff filed the Third Amended Complaint – Plaintiff had filed no fewer than five other actions in federal court, including a prior lawsuit in this District[2] and four cases in the U.S. District Court for the Middle District of Florida.  In each of the four lawsuits filed by Plaintiff in the U.S. District Court for the Middle District of Florida Plaintiff challenged his imprisonment based on his 2005 convictions in Baker County for driving with a suspended and revoked license and for possession of cocaine. Notably, each of those cases was dismissed. (Case No. 3:08-

---

[2] This case, which was assigned Case No. 1:07-cv-252-SPM-AK when it was filed in this District, was transferred to the U.S. District Court for the Middle District of Florida on March 18, 2008. (Case No. 1:07-cv-252-SPM-AK Doc. 10.) When it was transferred to the Middle District it was assigned Case No. 3:08-cv-291-TJC-MCR. Plaintiff disclosed this case in Section IV.D. (Middle District Case No. 3:08-cv-291-TJC-MCR Doc 1.)

cv-93-HLA-TEM Doc. 4; Case No. 3:10-cv-554-HES-TEM Doc. 3; Case No. 3:10-cv-

589-MMH-MCR Doc. 3; Case. No. 3:10-cv-663-HWM-JBT Doc. 12.) Despite the fact

that Plaintiff was required to disclose each of these cases in Section IV.C of the

complaint form, because each case was "relate[d] to the fact or manner of [Plaintiff's]

incarceration (including habeas corpus petitions)," Plaintiff intentionally and without

justification failed to do so.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to

disclose and truthfully describe previous lawsuits as clearly required on the Court's

prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the

judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL

576601, at *4 (11th Cir. Feb. 10, 2011).[3]  In *Redmon,* the Eleventh Circuit affirmed the

dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.

The plaintiff argued that he "misunderstood" the form, but the Court held that the district

court had the discretion to conclude that the plaintiff's explanation did not excuse his

misrepresentation because the complaint form "clearly asked Plaintiff to disclose

previously filed lawsuits[.]"   *Id*.  The Court determined that dismissal was an

appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984,

---

[3] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In this case, Plaintiff completely failed to disclose four relevant cases he had filed previously as required in Section IV.C of the complaint form. Accordingly, Plaintiff's failure to disclose the previous lawsuits and lack of candor mandates that his Third Amended Complaint should be dismissed without prejudice.

## IV.  Recommendation

For the reasons discussed above, it is respectfully **RECOMMENDED** that

Plaintiff's Third Amended Complaint case be **DISMISSED** for failure to state a claim,

pursuant to the fugitive distentitlement doctrine and for failure to disclose prior lawsuits**.**

**IN CHAMBERS**, at Gainesville, Florida, this 4th day of May, 2011.

*s / Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**